UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHRUTI SHETTY,<br><br>    Plaintiff,<br><br>vs.<br><br>ALPHABET, et al.,<br><br>    Defendants. | Case No: C 17-00589 SBA<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO AMEND COMPLAINT**<br><br>Dkt. 14 |

Plaintiff Shruti Shetty ("Plaintiff"), proceeding pro se and in forma pauperis, initiated the instant action on February 3, 2017. Dkt. 1. On February 27, 2017, the Court issued an Order Dismissing Plaintiff's Complaint with Leave to Amend ("Order"). Dkt. 10. The Court afforded Plaintiff until March 20, 2017, to file an amended complaint. Id. at 5. The Court cautioned, "Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend." Id. at 6.

On March 27, 2017, Plaintiff filed the instant Request for Extension in Time to Submit Amended Complaint. Dkt. 14.[1] She requests a "few additional days" to amend her complaint. Id. at 2. Plaintiff asserts that an extension is necessary due to: (1) "increased stress from filing multiple complaints and orders through 5 cases simultaneously filed [by her] in the last 1-2 months"; (2) the need to study "multiple legal subjects outside the scope of [her] work and knowledge"; and (3) her illness in early January and again in the first week of February. Id. at 1-2.

---

[1] The Court notes that Plaintiff mailed the request on March 20, 2017.

  The Court finds the asserted justifications for an extension largely unpersuasive. First, given that the Court issued its Order on February 27, Plaintiff's illnesses in early January and the first week of February are irrelevant. While Plaintiff suggests her illnesses may have prevented her from filing an original complaint sufficient to withstand dismissal, that has no bearing on her ability to draft an amended complaint. Second, although Plaintiff may be managing deadlines in multiple actions, she has chosen to initiate these suits and must comply with typical litigation deadlines. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") Finally, while the Court appreciates that Plaintiff may not be versed in the law, the Court already took that into account when it afforded her 21 days to amend her complaint.

  Despite the foregoing, the Court will grant Plaintiff a brief extension of time to file an amended complaint. The Court notes that Plaintiff waited until the amendment deadline to request an extension. As a result, eight days have already elapsed since the amendment deadline. Taking this into account, the Court will afford Plaintiff an additional seven days to amend her complaint, with three additional days for service of the instant order by mail. **Accordingly, Plaintiff shall file her amended complaint by no later than Friday, April 7, 2017. The Court warns Plaintiff that failure to file an amended complaint by this deadline WILL RESULT IN THE DISMISSAL OF THE ACTION IN ITS ENTIRETY WITHOUT FURTHER LEAVE TO AMEND.**

  IT IS SO ORDERED.

Dated:  3/28/17

              _____
              SAUNDRA BROWN ARMSTRONG
              Senior United States District Judge