UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHRUTI SHETTY,<br><br>    Plaintiff,<br><br>vs.<br><br>ALPHABET, et al.,<br><br>    Defendants. | Case No: C 17-00589 SBA<br><br>**ORDER RE: MOTION TO UPHOLD ORDER AND ASSOCIATE CASE**<br><br>Dkt. 17 |

On February 3, 2017, Plaintiff Shruti Shetty ("Plaintiff") filed the instant pro se action against more than a dozen defendants, along with a request to proceed in forma pauperis ("IFP"). Dkt. 1, 2. On February 27, 2017, the Court issued an Order Dismissing Plaintiff's Complaint with Leave to Amend. Dkt. 10. The Court afforded Plaintiff until March 20, 2017 to file an amended complaint, and cautioned, "Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend." Id. at 5-6.

On March 15, 2017, Plaintiff filed a request for transfer of the action to San Francisco and permission to participate in electronic case filing ("e-filing"). Dkt. 11. Plaintiff also filed a separate request for reassignment of another case—No. 16-CV-06012—pending before Judge Haywood Gilliam, Jr. and transfer of both actions to San Francisco. Dkt. 13. The Court separately denied both requests. Dkt. 12, 15.

On March 27, 2017, Plaintiff filed a request for an extension of the amendment deadline, seeking a "few additional days" to file an amended complaint. Dkt. 14. On March 28, 2017, the Court issued an Order Granting Plaintiff's Request for Extension of Time to Amend Complaint. Dkt. 16. The Court found Plaintiff's justifications for an extension unpersuasive. Mindful of its obligation to consider less drastic alternatives to dismissal, however, the Court afforded Plaintiff until April 7, 2017 to file an amended complaint. Id. Again, the Court warned Plaintiff, "**failure to file an amended complaint by this deadline WILL RESULT IN THE DISMISSAL OF THE ACTION IN ITS ENTIRELY WITHOUT FURTHER LEAVE TO AMEND.**" Dkt. 16 at 2 (emphasis in original). To date, Plaintiff has not filed an amended complaint.

On April 14, 2017, Plaintiff filed the instant motion to "uphold order" and "associate case." Dkt. 17.[1] The 18-page, single-spaced "motion" is rambling, discursive, utterly unintelligible, and openly hostile toward the Court and others.[2] To the extent the Court can ascertain or surmise the substance of Plaintiff's requests, it addresses them, in turn, below.

First, Plaintiff brings a motion to "associate case and defendants." Dkt. 17 at 1; id. at 13. Insofar as this is a request to relate cases, the Court notes that it does not comply with Civil Local Rule 3-12, which governs such requests.[3] Moreover, Plaintiff merely identifies three cases that she wishes to "associate" without even attempting to establish that the actions are related. See Civil Local Rule 3-12(a) ("An action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or

---

[1] The Court notes that Plaintiff filed an identical "motion" (Dkt. 22) in Case No. 16-CV-06012-HSG.

[2] For example, as regards this Court, Plaintiff states, "Your behavior is severely tarnishing of all our afforded standing and court needs to STOP entertaining agents irrelevant to the matter." Dkt. 17 at 9. More concerning, however, are Plaintiff's remarks regarding defendants and other unnamed actors. For example, Plaintiff asserts that certain "public figures that are at fault" "deserves a [*sic*] **hang to death for attempting to trespass our privacy and impersonate or build associations with us and** if not granted requires us to kill them using our own channels . . . ." Dkt. 17 at 12 (emphasis in original). The Court admonishes Plaintiff to omit such vitriolic remarks from any future filings.

[3] For Plaintiff's reference, the district court's civil local rules can be found at http://cand.uscourts.gov/localrules/civil.

event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."). Finally, the Court notes that Plaintiff's request is directed at Case Nos. 17-CV-00928-JSW, 17-CV-00925-LB, and 17-CV-00933-LB, not the instant action. Dkt.17 at 1, 13. For all of the foregoing, reasons, Plaintiff's motion to "associate case" is DENIED.

Second, Plaintiff brings a motion to "uphold order." Dkt. 17 at 1. The Court cannot fully surmise the nature of this request. Plaintiff moves to "UPHOLD Order denying" five bulleted matters. Id. As a threshold matter, a request to "uphold" a prior order is a request to let those orders stand, not a request to revisit or reverse those orders. Even if this Court were to presume that (despite use of the word "uphold") Plaintiff is actually challenging the Court's prior orders, her request is still ambiguous. Although the bulleted items include matters that have been the subject of prior orders (i.e., "Electronic Case Filing"), they also include matters that no prior order has addressed (i.e., "[a]ccept current complaint with sealed declarations . . ." and "[c]lose jury or public access to the matter permanently . . ."). Id. These new requests are set forth in bulleted format without argument or support. Thus, insofar as Plaintiff is seeking any affirmative relief for the first time through her "motion to uphold order," such relief is DENIED.

Finally, insofar as the motion to "uphold order" constitutes a request for reconsideration, said request is infirm. As a threshold matter, the Court notes that the request does not comply with Civil Local Rule 7-9, which governs motions for reconsideration. Specifically, "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil Local Rule 7-9(a). Plaintiff does not comply with this requirement and otherwise fails to make the requisite showing under Rule 7-9. See Civil Local Rule 7-9(b). The Court may summarily deny motions that do not comply with the local rules. See Tri-Valley CAREs v. U.S. Dept. of Energy 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Moreover, Plaintiff fails to raise, let alone establish, any ground for reconsideration. See Fed. R. Civ. P. 60(b) (providing for

reconsideration upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason that justifies relief).  Thus, insofar as Plaintiff seeks reconsideration of any prior order through her "motion to uphold order," such relief is DENIED.

Nevertheless, the Court notes that Plaintiff refers to an "enlargement of time to address amendment of complaint which [she] think[s] is unnecessary . . . ." Dkt. 17 at 13. Although it is under no obligation to do so, the Court will afford Plaintiff an additional seven days to amend her complaint, with three additional days for service of the instant order by mail.  **Accordingly, Plaintiff shall file her amended complaint by no later than <u>Friday, April 28, 2017</u>.  The Court warns Plaintiff that failure to file an amended complaint by this deadline <u>WILL</u> RESULT IN THE DISMISSAL OF THE ACTION IN ITS ENTIRETY WITHOUT FURTHER LEAVE TO AMEND, pursuant to Federal Rule of Civil Procedure 41(b).  The Court will <u>NOT</u> grant a further extension or entertain any other motion or request until an amended complaint is on file.**

IT IS SO ORDERED.

Dated: 4/18/2017

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge